Don WOODWARD, Appellant,

v.

Charlie I. BRAUN et al., Appellees.

No. 3380.

Court of Civil Appeals of Texas.

Eastland.

Feb. 27, 1959.

■

House, Mercer & House, James D. Cunningham, San Antonio, for appellant.

Moursunind, Ball, Bergstrom & Barrow, Rosson & McGown, San Antonio, for appellees.

WALTER, Justice.

Don Woodward filed suit against Charlie I. Braun, individually and as administrator of the estate of Charles Richard Braun, deceased, for damages for personal injuries alleged to have been sustained by him in an automobile truck collision. Woodward was driving the truck and Charles Richard Braun, deceased, was operating the automobile. International Service Insurance

Company intervened, asserting it paid Woodward workmen's compensation benefits, and sought to have its subrogation rights enforced in the event Woodward recovered. The jury having found Woodward guilty of several acts of negligence, which it found were a proximate cause of the collision, the court entered judgment that Woodward take nothing. He has appealed and presents twenty-four points of error. Four relate to the court's action in overruling exceptions to Braun's trial amendment number one. Four relate to the alleged improper admission of evidence. Two relate to the court's refusal to submit requested special issues. Twelve points relate to alleged error of the court in not sustaining objections to the charge. Two points assert the court erred in entering judgment on the verdict because the jury's answers were motivated by passion and prejudice.

We have reached the conclusion that there is no merit in any of appellant's points and that the judgment of the trial court should be affirmed.

We shall refer to the case of Charlie I. Braun v. Union Transports, Inc., as the Union Transports case and the case of Don L. Woodward v. Charlie I. Braun, as the Woodward case. The court refused to consolidate these cases but ordered that the Union Transports case and the Woodward case be tried at the same time.

Appellant's points that the court erred in overruling his exception to Charlie I. Braun's trial amendment number one are without merit because said amendment specifically referred to, and amended, paragraph four of Charlie I. Braun's second amended original petition in the Union Transports case. These points were properly presented and considered and overruled by this court in Union Transports, Inc. v. Braun, Tex.Civ.App., 318 S.W.2d 927.

Appellant's remaining points were considered in the Union Transports case and in deference to Rules of Civil Procedure 452,

we hereby refer to and make a part here of that portion of our opinion in the Union Transports case which discusses and disposes of Woodward's remaining points.

We have considered all of appellant's points and find no merit in them and they are overruled.

The judgment of the trial court is affirmed.